Charlie C. McCall, Atty. Gen., for the State.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

Pruet & Glass, of Ashland, for appellee.

(127 So. 797)

## STATE v. KELLY.

### 7 Div. 660.

Court of Appeals of Alabama.

Dec. 10, 1929.

Rehearing Denied Jan. 7, 1930.

SAMFORD, J.

Following is the agreed statement of facts:

"It was submitted on the Petition and Exhibits A and B attached to the petition, and was agreed that the said Ralph O. Kelly pled guilty in the Circuit Court of Russell County, Alabama, to distilling on the 28th day of March, 1929, and was sentenced by the Court to a term of from 12 to 13 months in the State Penitentiary, said sentence to begin on this day. It was also agreed that at this time the said Ralph O. Kelly was serving a sentence in the Penitentiary which had been imposed on him by the Court of Lee County, and that he was brought from the Penitentiary and entered his plea in the cause for distilling in Russell County, and was then returned to the Penitentiary where he finished serving his sentence from Lee County, which he completed on the 30th day of July, 1929; that at the time he finished this first sentence there was pending against him in the County Court of Clay County, a case charging him with carrying a concealed pistol, and the Convict Department had in a hold-over order from the Sheriff of Clay County; that when he had finished serving his sentence in the first case from Lee County, the Convict Department notified Mr. Allen, Sheriff of Clay County that he could get the said Ralph O. Kelly on the 31st day of July, 1929, and on said date the said Ralph O. Kelly was turned over by some member of the Convict Department to the Sheriff of Clay County; that the said Ralph O. Kelly has pled guilty to carrying a pistol, as charged in Clay County, and been discharged or released as to this offense, and the Sheriff of Clay County is now holding the said Ralph O. Kelly for the Convict Department of the State of Alabama by reason of his pleading guilty in the Circuit Court of Russell County, on the 28th day of March, 1929, and the sentence imposed on him by the Court at that time of from 12 to 13 months in the State Penitentiary; that the Convict Department released him when he had finished serving the Lee County Sentence.

"It is further agreed that the State incurred a removal Bill against the Petitioner of $43.95 at the time the Petitioner was removed from the Convict Department to the Sheriff of Clay County, and which removal bill the Petitioner was forced to pay as a part of the costs in the concealed pistol case.

"It is further agreed that the Petitioner was brought from the State Penitentiary on the 31st day of July, 1929, and placed in jail on this charge of carrying a concealed weapon, and that thereafter on the 3rd day of August, 1929, he was released on bond for said carrying concealed weapon, and that thereafter on the 29th day of September, 1929, he was given up on his appearance bond and placed back in jail, and after the Petitioner had arranged the fine and cost in the carrying concealed pistol case, he is now being held for the State of Alabama on the case from Russell County, Alabama, on the sentence he received of from 12 to 13 months, and for which he was sentenced on the 28th day of March, 1929."

It is insisted by appellee that this cause must be dismissed on account of a failure to assign error as is required by Supreme Court rule 1. A sufficient answer to this contention is to be found in Act of the Legislature approved June 16, 1927, Acts 1927, p. 76, in which it is provided that no assignment of error is required.

Under the facts the petitioner is under sentence from the circuit court of Russell county beginning March 28, 1929, and ending thirteen months from that date. The fact that the penitentiary authorities were remiss in their duties in the enforcement of the sentence of the Russell county circuit court will not relieve the petitioner of the sentence. This is true whether the action of the penitentiary authorities was by oversight or design. The judgments and sentences of courts cannot be set aside or nullified by executive agencies of the state. The authorities cited by petitioner's counsel have no application here. Each of these cases has its points of difference from the case at bar, but none of them hold that a person convicted of crime is entitled to his discharge from custody and from the sentence of the court until such time as the term of sentence ends, either by lapse of time or by some act of the court.

Under the facts of this case, the judgment of the circuit court of Russell county is still in full force, and it is the duty of the duly constituted authorities to enforce the sentence.

The judgment of circuit judge discharging petitioner is reversed, and an order is here entered directing the sheriff of Clay county to arrest the petitioner instanter and to deliver him immediately thereafter to the proper convict authorities of the state of Alabama to serve the sentence imposed by the Russell county circuit court as above indicated.

Reversed and rendered.